UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5742 PA (SKx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | Jorge Alejandro Rojas v. Owner of Telephone Number 424-234-2076 | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

      Before the Court is a First Amended Complaint ("FAC") filed by plaintiff Jorge Alejandro Rojas ("Plaintiff"), who is appearing pro se. (Docket No. 21.) The FAC asserts claims for: violation of the Telephone Consumer Protection Act's automated telemarketing call provisions, 47 U.S.C. § 227(b)(1); violation concerning identification of sellers and telemarketers, 47 C.F.R. § 64.1200(d)(4); and violation concerning written policies and training of personnel engaging in telemarketing, 47 C.F.R. § 64.1200(d)(1)-(2). These claims are asserted against defendants CSC Business Solutions LLC and Valeriano Valdovinos (collectively, "Defendants"). In the FAC, Plaintiff alleges the following:

> 8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
>
> 9. Defendant CSC Business Solutions LLC ("CSC") is a Nevada LLC, with a principal place of business of 500 N. Rainbow Blvd. Ste. 300 A, Las Vegas, NV, 89107, and a registered agent of UNITED STATES CORPORATION AGENTS, INC.
>
> 10. Defendant Valeriano Valdovinos ("Valdovinos") is the sole manager of CSC, and lists both 1837 Montgomery Dr., Vista, CA, 92084, USA, and Blvd Cuauhtemoc Sur 2513 22, Tijuana, CA 92084, MEX on his CSC corporate entity profile with the Nevada Secretary of State.

(FAC ¶¶ 8-10.) Plaintiff further alleges that "the Defendants conduct significant business in the State," "[t]he wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District," and "[t]he calls were placed under the presumption that Plaintiff continued to reside in this District." (Id. ¶ 6.) In support of venue in the Central District of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5742 PA (SKx) | | Date | November 30, 2022 |
|---|---|---|---|---|
| Title | Jorge Alejandro Rojas v. Owner of Telephone Number 424-234-2076 | | | |

California, Plaintiff alleges the legal conclusion that "[v]enue is proper under 28 U.S.C. § 1391(b)(2)."  (Id. ¶ 7.)

These conclusory allegations are insufficient to support venue in the Central District of California ("Central District").  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  Because Plaintiff is not located in the Central District, and the FAC does not allege that either of the Defendants are located in the Central District, the only connection between Plaintiff's claims and the Central District appears to be Plaintiff's one allegation that "[t]he calls were placed under the presumption that Plaintiff continued to reside in this District."  (Id. ¶ 6.)

The Court orders Plaintiff to show cause, in writing, why venue is proper in the Central District, and why this action should not be dismissed or transferred to another district for the convenience of the parties and witnesses, and in the interest of justice.  See 28 U.S.C. §§ 1404, 1406.  Plaintiff's written response to the Order to Show Cause shall not exceed 15 pages.  All factual matters relied upon in the submission must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

1. Whether this action could have been brought in the United States District Court for the Southern District of California ("Southern District"), the United States District Court for the District of Nevada ("District of Nevada"), or another United States District Court for a District other than the Central District, and if so, which District(s);

2. What contacts, if any, each of the parties has to the Central District, the Southern District, the District of Nevada, and any other District in which venue might be appropriate.  The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. Which alleged unlawful practices occurred within the Central District, the Southern District, the District of Nevada, and any other District in which venue might be appropriate;

5. Which witnesses are expected to be called and where they reside;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5742 PA (SKx) | Date | November 30, 2022 |
|---|---|---|---|
| Title | Jorge Alejandro Rojas v. Owner of Telephone Number 424-234-2076 | | |

6. The availability of compulsory processes to compel attendance of unwilling non-party witnesses in the Central District as compared to the Southern District, the District of Nevada, and any other District in which venue might be appropriate;

7. The ease of access to sources of proof in each proper forum;

8. The expected difference in the cost of litigation in the Central District as compared to the Southern District, the District of Nevada, and any other proper forum; and

9. Whether there are any alternative forums that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the FAC within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served with the FAC. Plaintiff is ordered to file his Response to this Order no later than December 14, 2022. Defendants may file a Response no later than December 28, 2022, or 21 days after they are served with the Summons and FAC. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.